By the Court.—Curtis, Ch. J.
—The evidence does not sustain the defendant’s claim, that these purchases through his brokers of the cotton for future delivery, were in contravention of the statute against gaming and betting. There is no proof of any intention on the part of the plaintiffs not to deliver, or on the part of the vendees not to accept the cotton pursuant to the contracts. Such a contract as the parties to the suit entered into is not objectionable, unless there is evidence to show that they intended to lay a wager (Tyler v. Barrows, 6 Robt. 110; Cassard v. Hinman, 1 Bosw. 207).
The permission given at the trial by the court to the plaintiffs, to amend their complaint by inserting an allegation of due notice to the defendant, that he would be closed out, if he did not keep his margin good, was a proper exercise of discretion on the part of the court, and warranted by the proofs (Lounsbury v. Purdy, 18 N. Y. 521).
The answer admits, in substance, that the defendant ordered the sale of the cotton, and agreed that he would keep the margins good as the cotton advanced in the market. If then, after demand and. notice, the defendant failed to keep his margins good, the plaintiffs had a right to close the transaction (White v. Smith, 54 N. Y. 522).
There was some conflicting testimony as to the demands for margins and as to the notice, but it was left to the jury to find whether the plaintiffs made the *454 demands and gave the defendant notice of the time and place in which they intended to close out the transaction, and also as to whether the defendant put up the margins he was notified to put up, and there is no just reason shown for disturbing the conclusion of the jury, which was adverse to the claims of the defendant in these respects, and which was in accordance with the weight of the evidence.
The defendant must be presumed to know 'the usages, pertaining to the matters as to which he made his agreement (Wells v. Bailey, 49 N. T. 472). The usages in respect to cotton brokers and the cotton exchange were in evidence, and also the fact that the defendant had been closed out on a former occasion. He had such previous knowledge of the nature of the business, that he is not in the position of a person of inexperience, and ignorant of the meaning of the term “closing out,” and the mode in which it is done, by going into the market, and buying the cotton, at the lowest price at the time that it could be bought, and using that in settlement of the contract with the buyer on the principal contract.
The court charged the jury that if the plaintiffs failed to prove to them that due notice was given to the defendant, that then the plaintiffs violated their duty to' the defendant, and that he was entitled to recover back the amount of margins he paid, with interest.
There are some exceptions to the admissibility of evidence, but they are not well taken. The refusals of the judge to charge as requested by the defendant, are sustained by our views of the law, and by what the testimony at the trial establishes. The same should be said as to those parts of the charge to which the defendant excepts.
The court left it to the jury to determine whether, as the plaintiffs claimed, the margin of $800 was de *455 manded of the defendant on Saturday, also, whether he was told he must furnish that margin on Monday by ten o’clock, and thereupon acquiesced in it, and promised to do so. The jury were properly instructed that if they found such to be the facts, it was a sufficient and reasonable notice, because there was a time to which the defendant agreed, and an amount as to which he was notified.
The judgment and order appealed from should be affirmed with costs.
Freedman, J., concurred.